UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AKECHETA MORNINGSTAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:24-cv-01104 |
| | ) |
| LIGHTENING SOURCE, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Akecheta Morningstar has filed a pro se Complaint under the Federal Arbitration Act, 9 U.S.C. §§ 10, 11, to vacate an arbitrator's award in favor of Defendants Lightening Source, LLC, Ingram Publishers Services, LLC, Ingram Content Group, LLC, and Ingram Book Group, LLC. (Doc. No. 1). Plaintiff has also filed an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2) and a Motion to Vacate Order of Arbitrator (Doc. No. 5) with a supporting Memorandum (Doc. No. 6).

The case is before the Court for ruling on the IFP application and preliminary review of the Complaint.

**I. IFP APPLICATION**

Plaintiff's IFP application lists monthly expenses that approximate his household's monthly income, which is based on self-employment and disability benefits award to both Plaintiff and his spouse. It therefore appears that Plaintiff cannot pay the $405 civil filing fee "without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

### A. LEGAL STANDARD

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009).

### B. ANALYSIS

#### 1. Facts

The Complaint alleges that Plaintiff is a "resident citizen" of the state of Mississippi, and that the Defendant limited liability companies are all related to one another as parent or subsidiary. (Doc. No. 1 at 1). It states that, "[i]n the latter part of 2023," the parties agreed to arbitrate Plaintiff's claims of fraud, breach of contract, and copyright infringement. (Id. at 2). Plaintiff believes that the arbitrator deceived him into thinking that she was sympathetic to his claims

2

against Defendants, so that he would agree to keep her "on board." (Id.). The arbitrator took Defendants' side despite Plaintiff's more substantial showing of facts supported by the record. (Id. at 2–3). The arbitrator proceeded to award Defendants a summary judgment, while denying Plaintiff's motion for summary judgment. (Id. at 3). She did so after allowing Plaintiff to add new parties to the arbitration, without giving the newly joined parties an opportunity to be heard. (Id.). Plaintiff claims that the award in Defendants' favor "was obtained by Corruption, fraud or undue means." (Id. at 4). He alleges that "the Defense and the [American Arbitration] Association both, within an hour of each other sent [him] a coded threatening email, letting [him] know that they support 'White Supremacy[.]'" (Id. at 3). Plaintiff "discussed this with [his] credit card Companies and all of [his] monies were refunded." (Id.). As relief, Plaintiff asks the Court "to intervene and take a look at the facts." (Id. at 4).

2. Conclusions

In order to state a viable claim, the Complaint must first establish that its claims come within the Court's subject-matter jurisdiction. Federal subject-matter jurisdiction is restricted to (1) cases that present a question of federal law, and (2) cases between parties of diverse citizenship in which more than $75,000 is at stake. 28 U.S.C. §§ 1331, 1332; Miller v. Bruenger, 949 F.3d 986, 990 (6th Cir. 2020).

The Complaint invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1 at 2). Some independent jurisdictional basis is required for this Court to entertain an action to vacate an arbitrator's award under 9 U.S.C. § 10, because the statute itself "does nothing" to bestow federal jurisdiction over cases attempting to invoke the enforcement mechanisms it creates. Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 581 (2008); see also Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000) ("In order to challenge an arbitrator's decision under the

FAA when there is no pending proceeding in the district court, the moving party must establish subject matter jurisdiction" because "the FAA does not independently confer subject matter jurisdiction on the district court.") (citations omitted); Ford v. Hamilton Invs., Inc., 29 F.3d 255, 258 (6th Cir. 1994) (finding it well established that neither § 9 nor § 10 of the FAA creates federal question jurisdiction).

As mentioned above, Plaintiff does not assert any federal question, nor does the Court discern one in the Complaint. Rather, he invokes the Court's jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship. However, the Complaint only alleges Plaintiff's citizenship. (Doc. No. 1 at 1). The citizenship of the Defendant LLCs is not alleged. For the Court to exercise jurisdiction in the absence of a federal question, "[c]omplete diversity of citizenship between the plaintiffs and each of the defendants is required." Elyas v. Johnston, No. 22-1640, 2023 WL 5275097, at *1 (6th Cir. Feb. 13, 2023), cert. denied, 144 S. Ct. 431, 217 L. Ed. 2d 239 (2023) (citing Evanston Ins. Co. v. Hous. Auth. of Somerset, 867 F.3d 653, 656 (6th Cir. 2017)). The burden is on the party asserting diversity jurisdiction to "fully allege the citizenship of each party," and district courts "must hold litigants to this requirement." Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi, 43 F.4th 624, 627 (6th Cir. 2022) (citing Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010)).

Here, although the Complaint alleges that the Defendant LLCs are affiliated entities, it does not allege the citizenship of any one of them. The state under whose laws an LLC is organized, or where it maintains its principal place of business, is not the state where the LLC has citizenship. Rather, as unincorporated entities, "LLCs have the citizenships of their members and sub-members." Akno, 43 F.4th at 627. "Thus, when an LLC is a party in a diversity action, the court must know the citizenship of each member and sub-member." Id.; see also Delay v. Rosenthal

4

Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009). Without knowing this information, the Court cannot be assured that diversity jurisdiction is properly asserted. See Aquasea Grp., LLC v. Singletary, No. 4:13-cv-2286, 2013 WL 5781192, at *1 (N.D. Ohio Oct. 25, 2013) ("If even one member or sub-member of an LLC is non-diverse, 'then complete diversity, and with it federal jurisdiction, would be destroyed.'") (quoting Delay, 585 F.3d at 1005)). Accordingly, the current Complaint is not sufficient to allow the case to proceed past initial review.

### III. CONCLUSION

If Plaintiff is to proceed with this action in this Court, he **MUST** file an Amended Complaint which identifies the members and sub-members of each of the Defendant LLCs and alleges the citizenship of each member and sub-member. See Wynston Hill Cap., LLC v. Crane, 628 F. Supp. 3d 540, 546 (S.D.N.Y. 2022) (applying LLC citizenship requirement in case filed under FAA, 9 U.S.C. § 10). The Amended Complaint must be filed within **30 DAYS** of this Order's entry on the docket. It must be designated for **Case No. 3:24-cv-01104** and must be delivered to the Clerk of Court, U.S. District Court, Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203.

Plaintiff is cautioned that, should he fail to comply with this Order (or seek an extension of time to do so) within the time specified, this action may be dismissed for failure to prosecute.

Plaintiff's Motion to Vacate Order of Arbitrator (Doc. No. 5) is **DENIED WITHOUT PREJUDICE** to renewal after Plaintiff makes a sufficient showing that jurisdiction in this Court is proper. Any such renewed Motion should attach the decision Plaintiff would have the Court vacate.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE